UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: JENNY THUMY HO, DEBTOR

CIVIL ACTION

NO. 11-01512

SECTION "F"

ORDER AND REASONS

Before the Court is an appeal from the United States Bankruptcy Court's order finding appellant in contempt of court and imposing sanctions. For the reasons that follow, the bankruptcy court's judgment is REVERSED.

Background

This appeal arises out of a final order of the bankruptcy court finding appellant, William G. Cherbonnier, Jr., counsel for the debtor, Jenny Thumy Ho, in contempt of court and fining him $500.

Appellant represented the debtor in a Chapter 13 bankruptcy case. After experiencing financial difficulties during the term of her plan, the debtor proposed a plan modification. The bankruptcy court approved the modification. This approval, however, was subject to counsel filing an amended plan, which was to include certain language that the court orally specified.

Mr. Cherbonnier timely filed an amended plan. However, the bankruptcy court found that the plan did not comply with the court's ruling. Accordingly, the bankruptcy court had its deputy

1

contact appellant to advise him of the deficiencies to be corrected. After a month, Appellant still failed to file a corrected version of the amended plan. As a result, the bankruptcy judge ordered, sua sponte, appellant to appear to show cause "why the Court should not reconsider approval of debtor's plan modification for failure to comply with the order of the Court."

Appellant appeared as ordered, and tried to explain his failure. At the hearing, appellant explained that when he submitted the amended plan, he thought that he had complied with the court's directions. He further explained that after speaking with the court deputy, he made an effort to amend using the Best Case Bankruptcy software, and attempted to file the plan. Appellant thought he had filed the plan, but he had in fact not. Appellant did not realize that his attempt had been unsuccessful until he received the bankruptcy court's order to show cause.

At the hearing, the court rejected appellant's explanation, and fined him. In imposing the fine, the bankruptcy court made the following remarks:

> Okay, $500 fine for failure to file the document into the record even after the Order to Show Cause has been filed. No excuse for not having done it. I could have reviewed it by this point. The Trustee could have commented on it. We could be done. Instead we're going to have a whole other round of this because you haven't done what you needed to do even after the Court advised you that you hadn't. No excuse.

The next day, the bankruptcy court issued its Order Imposing

2

Sanctions. The court held appellant in contempt "for failure to timely file the appropriate modified plan as ordered by the Court," and sanctioned appellant in the amount of $500 to be paid into the bankruptcy court's registry. Appellant paid the fine under protest. He now appeals.

## I. Standard of Review

When a district court reviews a bankruptcy court proceeding, the standard of review is the same as when an appellate court reviews a district court proceeding. 28 U.S.C. § 158(c). Findings of fact are reviewed under the clearly erroneous standard; while conclusions of law and mixed questions of law and fact are reviewed de no novo. See In re Asarco, L.L.C., 650 F.3d 593, 600-01 (5th Cir. 2011).

## II. Contempt Order

18 U.S.C. § 401(3) grants the federal courts criminal contempt power in certain situations, including where a party has violated a court order. However, the Fifth Circuit U.S. Court of Appeals has held that bankruptcy courts have no power—inherent or statutory—to hear and decide questions of criminal contempt for violations of court orders. In re Hipp, Inc. 895 F.2d 1503, 1509, 1521 (5th Cir. 1990)(holding that the bankruptcy courts have no such power, at least as to contempts not committed in or near their presence). Accordingly, the threshold question is whether the contempt order at issue should be classified as civil or criminal.

In re Bradley, 588 F.3d 254, 263 (5th Cir. 2009). If it is criminal, then the bankruptcy court lacked the power to issue it. See Hipp, 895 F.2d at 1521.

A contempt order is classified as civil or criminal according to its primary purpose. Bradley, 588 F.3d at 263. A contempt order is civil if its purpose is to coerce the contemnor into compliance with a court order, or to compensate another party for injuries or costs resulting from the contemnor's misconduct. Id. A contempt order is criminal if its purpose is to punish the contemnor for past conduct and to vindicate the court's authority. Id. In determining whether a contempt order is civil or criminal, a central question is whether the penalty imposed is absolute, or is conditioned upon the contemnor's future conduct. Id. (holding that a lump-sum fine that punishes past conduct is criminal, but a fine that accrues on an ongoing basis for continued noncompliance is civil).

The contempt order here was patently intended to be punitive. The order served no coercive purpose,[1] and did not compensate another party.[2] The order's purposes were to punish appellant and

---

[1] The contempt order could not possibly coerce appellant into compliance, because he had already complied by the time the court issued its written order. Appellant filed an updated version of the amended plan the very same day of the hearing on the order to show cause, the day before the court issued its written contempt order.

[2] The fine was payable not to another party, but rather to the court's registry.

4

to vindicate the bankruptcy court's authority.

The court's order was simply imposed to punish appellant for his failure to timely file an updated version of the amended plan. The court sanctioned appellant for failing to file the plan before the hearing on the order to show cause. The fine was not at all conditioned on appellant's future conduct. It was entirely based on appellant's failure to file the revised plan before the hearing. Once the hearing began, appellant could do nothing to purge himself of contempt.

The order was also intended to vindicate the court's authority. The contempt proceeding was initiated by the judge on her own, after appellant failed to timely file the updated plan. The court observed counsel's failure delayed the bankruptcy proceeding. How long is unclear. In order to vindicate judicial authority, the court held appellant in contempt, and imposed the fine.[3]

The fine can only be taken as criminal in nature on this record. As such, the bankruptcy court had no power to issue the contempt order, and the contempt order must therefore be reversed.[4]

---

[3] Compare <u>Bradley</u>, 588 F.3d at 264, classifying a contempt order as civil where "the bankruptcy court held [appellant] liable to the bankruptcy estate rather than imposing a fine payable to the court."

[4] This section of this Court is apparently not the first to find that the bankruptcy court exceeded its contempt authority. <u>See In re Ritter</u>, No. 11-1513, 2011 WL 5974623, at *4 (E.D. La. Nov. 29, 2011)(Barbier, J.)(involving the same attorney, but a

For the foregoing reasons, IT IS ORDERED that the decision of the bankruptcy court is REVERSED.

New Orleans, Louisiana, February 8, 2012

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

different debtor). In that decision, Judge Barbier advised the bankruptcy court that it was not powerless in situations involving potential criminal contempt. <u>Id.</u> at *4 n.9. While the bankruptcy court has no § 401(3) criminal contempt power, the district court does. Therefore, upon violation of its order, if the judge feels a contempt order is justified, the bankruptcy court should certify the matter to the district court for further proceedings.